IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA ORTEGA o/b/o
VALENE HERNANDEZ,

    Plaintiff,

vs.                                    Civ. No. 97-1227 SC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff's daughter is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

Commissioner applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2. Plaintiff filed an application for supplemental security benefits on Valene's behalf on November 30, 1993. Tr. 62-65. Plaintiff alleged a disability due to borderline intellectual functioning, a hearing impairment, and vision problems. The applications was denied initially and on reconsideration. Plaintiff requested and received a *de novo* review before an administrative law judge (ALJ). A hearing was held before the ALJ at which Plaintiff and her attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 14-17. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 4-5. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3. Valene Hernandez was born on August 11, 1982, and thus attained age eleven at the time of her application and age thirteen at the time of the hearing. Tr. 62-65, 24. Plaintiff asserted that Valene had been disabled since September 1, 1988 due to hearing and vision problems which contributed to a learning disability. Tr. 84-87, 104-5.

**Issues**

4.  Plaintiff alleges that Valene meets, medically or functionally, listing 112.02, "Organic Mental Disorders."  To functionally equal this listing Valene must exhibit an extreme limitation in one area of functioning or marked limitations in two areas of functioning.  Plaintiff claims that Valene suffers marked limitations in at least two of the following functional areas: (1)cognitive; (2) communication, and (3)deficiencies of concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner.  See 20 C.F. R. §§416.925(b)(2), 416.926a(b)(2), 416.925a(c); 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§112.02(A)(9), (10), 112.02(B)(2)(a), (d).  A marked impairment is "more than moderate and less than extreme" limitation.  20 C.F.R. Pt. 404, Subpt. P, App.1, listing 112.00(C).

**The Standard of Review**

5.  The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then

that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. On August 22, 1996, President Clinton signed into law the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L.No. 104-193, which amended Section 1614(a)(3) of the Social Security Act, 42 U.S.C. §1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen under the SSI program.  The new statute applies to child disability applicants who filed claims on or after August 22, 1996, as in this case.  The new legislation eliminates the "comparable severity" standard, and replaces it with the following standard:

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

Pub.L. N. 104-193 §211(a)(4)(C), 42 U.S.C. §1382c(a)(3)(C)(I).

7. The legislation further directs the Social Security Administration (SSA) to discontinue use of the individualized functional assessment set forth I the regulations at 20 C.F.R. §§416.924d, 416.924e (1997).  Pub. L. No. 104-93 §§211(b)(1) and (2).  The legislation also required the Commissioner to modify section 112.00(c)(2) and 112.02(B)(2)(c)(2) of the Listing of

4

Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1, to eliminate references to maladaptive behavior in the domain of the personal/behavior functioning. Pub.L.No. 104-93 §211(b)(1). The legislation thus adopted a stricter disability standard for children that was in effect when the ALJ issues his decision in the present case. See Conf. Rep. on H.R. 3734, 1421 Cong. Rec. H8829, H8913 (daily ed. July 30, 1996).

8. Under a modified sequential evaluation, found at 20 C.F.R. §416.924 (1997), is used to determine whether a child is disabled un the new regulations: (1) is the child engaged in any substantial gainful activity? (2) does the child have a medically determinative impairment or combination of impairments that is severe? If not, the child is not disabled. As in the past, "severe" at this step is a term of art and means that an impairment or combination of impairments has more than a minimal impact on a child's functioning. (3) Does the impairment meet or equal a listing, either medically or functionally? The amended Act eliminates the fourth step. Thus this Court need only to consider whether substantial evidence supports the ALJ's finding at the first three steps. See Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir. 1997).

**Discussion**

9. Substantial evidence supports the ALJ's decision. As the ALJ noted, Valene's capabilities cause her "significant academic

5

difficulties." Tr. 16. However, this is not the standard used by the Act or the regulations to determine disability.

10. The ALJ's finding that Valene had less than a moderate impairment in communicative functioning is supported by the substantial evidence. Plaintiff relies on, in part, speech and language tests conducted in January of 1992. There was no formal audiological testing at that time. An audiological exam was performed in 1991 which shows a mild hearing loss which was "not expected to result in significant speech discrimination problems." Tr. 146. These tests were done prior to Valene's adenotonsillectomy and had tubes placed in her ears. Tr. 205. Further, both the Plaintiff and her Mother testified the hearing that since her treatments, Valene's hearing has improved. Tr. 15-16. Further, the ALJ observed that on the date of the administrative hearing, Valene indicated no difficulty hearing the proceedings.

11. Valene's school records of May of 1995 show that she expressed herself in a clear and concise manner, that she had done well in following directions, and that her listening skills had improved. Tr. 113. The evidence further shows that she is well liked and gets along well with others.

12. It is correct that a valid test score on a standardized test that is two standard deviations below the norm is considered a marked limitation. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 §112.00(C); 20 C.F.R. 416.926a(c)(3). Valene's expressive skill

scores ranged between the fifth and twenty-fifth percent. Plaintiff asserts these are two standard deviations below the mean. However, Plaintiff provides no authority to support this assertion. Further, the record before the Court does not support this assertion.

13. Substantial evidence supports the ALJ's finding that Valene has only a moderate impairment in cognitive functioning. The regulations provide that the primary criterion for limited cognitive function is a valid verbal, performance, or full scale IQ of seventy or less. 20 C.F.R Pt. 404, Subpt. P, App. 1, §§112.00(c)(2)(a), 112.00(c)(3). Valene's verbal IQ was eighty-four. Tr. 170-181. Her full scale IQ was 74. Id. Valene underwent a mental status examination in September of 1994 by Dr. Steinman. He found that her attention span was adequate, there was no evidence of psychopathology and that she had little or no difficulty understanding instruction or questions. He also found no cognitive disorganization, confusion, cognitive interference and no memory impairment. Tr. 170-181.

14. A review of her school record shows that in the fourth grade Valene was reading at the 4.1 level. In Valene's second year in the third grade she was reading at the 3.2 level and was at the 3.9 level in math.

15. Based on the evidence in the record discussed above, substantial evidence supports the ALJ's finding that Valene does not have any limitation of her capacities for concentration,

persistence and pace. Further, tests shows that her strongest capabilities are in verbal comprehension and her short term memory. Tr. 172.

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**